# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **MARIA MORADO, INDIVIDUALLY** | § | |
| **AND ON BEHALF OF THE ESTATE OF** | § | |
| **JUAN RAMON MORADO RUIZ,** | § | |
| **DECEASED; KAREN MORADO;** | § | |
| **SERGIO MORADO; and JOSE MORADO** | § | |
| | § | |
| **Plaintiffs,** | § | **CIVIL ACTION NO.** |
| | § | |
| **v.** | § | |
| | § | |
| **ARCHER-DANIELS-MIDLAND** | § | |
| **COMPANY and KYLE ERWIN** | § | |
| **CONSTRUCTION,** | § | |
| | § | |
| **Defendants.** | § | |
| | § | |

**INDEX OF DOCUMENTS**

| Date | Document |
|---|---|
| 2025-08-21 | 1. Plaintiffs' Original Petition |
| 2025-09-09 | 2. Executed Return Citation on Archer-Daniels-Midland Company |
| 2025-09-09 | 3. Executed Return Citation on Kyle Erwin Construction LLC |

# EXHIBIT 1

Skip to Main Content Logout My Account Search Menu New Civil Search Refine Search  Back    Location : All Courts

# REGISTER OF ACTIONS
## CASE NO. CV25-08-680

| | | | |
|---|---|---|---|
| **MARIA MORADO, ET AL vs ARCHER-DANIELS-MIDLAND COMPANY, ET AL** | § § § § § | Case Type: | **06 - Injury or Damage - Other** |
| | | Date Filed: | **08/21/2025** |
| | | Location: | **271st Judicial District Court** |

---

### PARTY INFORMATION

| | | Lead Attorneys |
|---|---|---|
| Defendant | **ARCHER-DANIELS-MIDLAND COMPANY** | |
| Defendant | **KYLE ERWIN CONSTRUCTION, LLC** | |
| Plaintiff | **MORADO, JOSE** | **BRIAN W. BUTCHER** *Retained* 817-282-9700(W) |
| Plaintiff | **MORADO, KAREN** | **BRIAN W. BUTCHER** *Retained* 817-282-9700(W) |
| Plaintiff | **MORADO, MARIA** | **BRIAN W. BUTCHER** *Retained* 817-282-9700(W) |
| Plaintiff | **MORADO, SERGIO** | **BRIAN W. BUTCHER** *Retained* 817-282-9700(W) |

---

### EVENTS & ORDERS OF THE COURT

| | | | |
|---|---|---|---|
| | **OTHER EVENTS AND HEARINGS** | | |
| 08/21/2025 | **PLAINTIFF'S ORIGINAL PETITION (OCA)** | | |
| 08/29/2025 | **Citation** | | |
| | ARCHER-DANIELS-MIDLAND COMPANY | Served | 09/02/2025 |
| | | Returned | 09/09/2025 |
| | KYLE ERWIN CONSTRUCTION, LLC | Served | 09/08/2025 |
| | | Returned | 09/09/2025 |
| 09/09/2025 | **Service** | | |
| 09/09/2025 | **Service** | | |

CAUSE NO. CV25-08-680

| | |
|---|---|
| MARIA MORADO, INDIVIDUALLY AND ON BEHALF OF THE ESTATE OF JUAN RAMON MORADO RUIZ, DECEASED; KAREN MORADO; SERGIO MORADO; AND JOSE MORADO, **Plaintiffs,** | IN THE DISTRICT COURT |
| v. | WISE COUNTY, TEXAS |
| ARCHER-DANIELS-MIDLAND COMPANY AND KYLE ERWIN CONSTRUCTION, **Defendants.** | 271ST JUDICIAL DISTRICT |

## PLAINTIFFS' ORIGINAL PETITION

NOW COMES MARIA MORADO, INDIVDUALLY AND ON BEHALF OF THE ESTATE OF JUAN RAMON MORADO RUIZ, DECEASED; KAREN MORADO; SERGIO MORADO; AND JOSE MORADO, ("Plaintiffs") complaining of and against defendants Archer-Daniels-Midland Company ("ADM") and Kyle Erwin Construction and for causes of action shows the Court as follows:

### 1. DISCOVERY CONTROL PLAN

1.01    Plaintiffs seek to conduct discovery in this lawsuit under level 3, with a discovery control plan catered to the needs of this case. TEX. R. CIV. P. 190.4.

### 2. PARTIES

2.01    Plaintiff Maria Morado, Individually and on Behalf of the Estate of Juan Ramon Morado Ruiz, deceased, is an individual who resides in Wise County, Texas. Maria Morado is asserting negligence claims against Defendant Archer-Daniels-Midland but gross negligence claims only against Defendant Kyle Erwin Construction.

2.02    Plaintiff, Karen Morado, is an individual who resides in Wise County, Texas.

2.03    Plaintiff, Sergio Morado, is an individual who resides in Wise County, Texas.

2.04    Plaintiff, Jose Morado, is an individual who resides in Wise County, Texas.

2.05    Said Plaintiffs are entitled to and do bring this action pursuant to Title 4, Chapter 71, Subchapter A of the Texas Civil Practice and Remedies Code - Texas Wrongful Death statute. Defendants are liable to Plaintiffs for the actual damages arising from the injury which caused JUAN RAMON MORADO RUIZ's death because such injury was caused by Defendants or their agents or servants' wrongful acts, neglect, carelessness, unskillfulness, or default, as set forth below, and the decedent would have been entitled to bring an action for such injury had he lived.

2.06    In addition, Plaintiffs are the heirs of the estate of JUAN RAMON MORADO RUIZ, deceased. No administration of such estate is pending and none is necessary. Plaintiffs are entitled to and do bring this action in such representative capacity pursuant to Title 4, Chapter 71, Subchapter B of the Texas Civil Practice and Remedies Code - Texas' Survival statute. Said Plaintiffs assert against Defendants all causes of action for personal injury to the health and person of JUAN RAMON MORADO RUIZ caused by Defendants or their agents or servants wrongful acts, neglect, carelessness, unskillfulness, or default, as set forth below.

### 3. DEFENDANTS

3.01    Defendant, Archer-Daniels-Midland Company is a foreign entity doing business in the State of Oklahoma. This Defendant may be served with process by serving its registered agent C T Corporation System, 1833 South Morgan Road, Oklahoma City, Oklahoma 73218. **Issuance of citation is requested at this time.**

3.02    Defendant, Kyle Erwin Construction, LLC, is an entity authorized and doing business in the State of Texas. This Defendant can be served with process by serving its registered agent, Kyle

Erwin, 1071 CR 4680, Boyd, Texas 76023. **Issuance of citation is requested at this time.**

3.03    Pursuant to Rule 28 of the of the Texas Rules of Civil Procedure, Plaintiff is suing any partnership, unincorporated association, private corporation, or individual whose name contains the words, or who does business under the names of the Defendants.

3.04    Whenever alleged in this petition that any non-natural Defendant did or failed to do any act or thing, it is meant that such Defendant's directors, officers, agents, servants, employees, representatives and/or contractors subject to such Defendant's control did or failed to do such act or thing and that at the time such conduct occurred, it occurred with the authorization and/or ratification of such Defendant and/or was done in the normal and routine course and scope of employment or agency of such Defendant's directors, officers, agents, servants, employees, representatives and/or contractors subject to such Defendant's control, making that Defendant responsible and liable for all such conduct.    Plaintiff invokes the doctrine of *respondeat superior*.

## 4.    JURISDICTION AND VENUE

4.01    This Court has subject matter jurisdiction because Plaintiffs seek an amount in excess of the minimum jurisdictional limits of this Court.

4.02    This Court has personal jurisdiction over Defendants because Defendants are entities created and operating under the laws of Texas and reside in Texas or are subject to the Texas long-arm statute, §17.042, Texas Civil Practice and Remedies Code.

4.03    Venue is proper in Wise County, Texas under TEX. CIV. PRAC. & REM. CODE § 15.002 because one or more of the Defendants maintained its principal office in Wise County, Texas at all material times.

## 5.    FACTS

5.01    The Plaintiffs are the widow and children of Juan Morado. On October 5, 2023, Mr.

Morado was working for his employer, Kyle Erwin Construction, at a grain facility under the ownership and/or control of Defendant ADM in Hooker, OK.   Morado and another worker were positioned in the basket of a lift device.   While his co-worker operated the controls of the lift, Morado was using the hose of the Hydrovac to vacuum grain from the inside of the rail car.

5.02   During this process, the Hydrovac became clogged with grain. Morado was killed while attempting to unclog the vacuum, which broke and launched him from the top of the rail car to his death.

## 6. NEGLIGENCE

6.01   Defendants' conduct, and that of its agents, servants, and employees, acting within the scope of their employment, constituted negligence and a breach of duty to exercise that degree of care that would be used by an ordinary entity under the same or similar circumstances.

6.02   Upon information and belief, Defendant Archer-Daniels-Midland ("ADM") was negligent in exercising its retained control over its contractor and specifically created a dangerous work environment and dangerous condition by refusing to allow Morado and other employees to work on top of the rail car while clipping their harnesses to a cable extending the entire length of the rail car.   This negligent intervention and exercise of control over its contractor's employees, allegedly implemented due to concerns about safety, forced Erwin's employees to remain in a lift basked, using imprecise controls to position the basket, made the work vacuuming the cars more difficult, more time- and labor-consuming and greatly increased the danger to workers, including the risk of serious injury or death when workers facing foreseeable equipment and logistical problems, were forced to leave the basket.   ADM voluntarily assumed control over the safety conditions and exercised that control in a manner that proximately caused greater danger and Juan Morado's tragic death.

6.03    Additionally, the Defendants were negligent in at least the following ways:

a.    Failing to maintain and monitor conditions inside rail cars to prevent grains from clumping and, thereby, clogging hoses and increasing danger for contractors hired to vacuum the cars;

b.    Assuming control over the safety of contractors in a manner that increased instead of diminishing danger;

c.    Insisting on the unpragmatic use of lift baskets, as opposed to allowing workers to attach fall equipment to the top of the rail cars, without having infrastructure to support lift devices;

d.    Failing to replace or upgrade the cable onto which contractors were tying off and, instead, refusing to allow contractors to tie off and walk on top of the rail cars altogether;

e.    Failing to provide a reasonably safe workplace for Juan Morado and contractors similarly situated;

f.    Failing to properly supervise and monitor the work of Juan Morado and others similarly situated;

g.    Failing to provide adequate and proper safety equipment;

h.    Failing to maintain equipment to ensure it could be used in a safe manner;

i.    Failing to provide a safe premises and work environment;

j.    Rushing work and setting schedules that unreasonably increased the risk of danger to workers like Juan Morado;

k.    Failing to force compliance with all national, state, and local ordinances, statutes and regulations;

l.    Failing to provide adequate and proper training;

m.    Failing to implement proper rules, policies and procedures for preventing injuries;

n.    Setting restrictions on workers tasked with performing a difficult job that a manager of ordinary and reasonable prudence would have regarded as impractical from a compliance standpoint;

o.    Violating numerous Texas and Federal laws and regulations (negligence per se) including, but not limited to, 29 CFR 1910.28(b)(1)(i)(C), and 29 CFR 1910.30 (ab)(1);

p.   Otherwise failing to exercise ordinary care and creating the conditions that caused Juan Morado's tragic death, including through the hiring and selection of employees and/or contractors; the negligent exercise of retained control over such contractors; and the failure to provide proper and adequate oversight, training, supervision and equipment.

6.04    The acts and/or omissions of negligence of the Defendants, including but not limited to those adumbrated above, proximately caused Juan Morado's death and the damages herein alleged, for which Defendants are jointly and severally liable.

## 9. GROSS NEGLIGENCE

9.01    The above-mentioned acts of negligence on the part of Defendants were of such character as to make Defendants guilty of gross negligence and/or "legal malice." Defendants' acts of negligence, when viewed objectively from the standpoint of Defendants, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others. Defendants had actual, subjective awareness of this risk, but nevertheless proceeded with conscious indifference to the rights, safety, and welfare of Juan Morado. The gross negligence and/or "legal malice" of Defendants was a proximate cause of the incident in question and of the damages and injuries alleged herein. As a result of Defendants' gross negligence and/or "legal malice," Plaintiffs seek exemplary damages in an amount in excess of the jurisdictional limits of this Court.

## 10. WORKMAN'S COMPENSATION

10.01   Plaintiffs believe that Defendant KYLE ERWIN CONSTRUCTION was Juan Morad's employer, as the term employer is defined in the Texas Labor Code. At the time of the incident in question, it is further believed that Defendant KYLE ERWIN CONSTRUCTION was a subscriber within the definition of the Texas Workers' Compensation Statutes. Assuming KYLE ERWIN CONSTRUCTION was Juan Morado's employer and the entity providing him with worker's compensation benefits, Plaintiffs seek to recovery of damages from Defendant KYLE

ERWIN CONSTRUCTION only which resulted from gross negligence.

## 11. DAMAGES

11.01  As a direct, foreseeable, and proximate result of the occurrence and the negligence of Defendant, Juan Morado sustained serious injuries and died and Plaintiffs have suffered, and will continue to suffer, severe damages.  Plaintiffs seek all wrongful death and survival damages allowed under Texas law which include, without limitation:

    a.    conscious physical pain, emotional pain, and mental anguish suffered in the past;

    b.    emotional pain and mental anguish which in reasonable probability will be suffered in the future;

    c.    reasonable and necessary medical expenses;

    d.    burial and funeral expenses;

    e.    loss of consortium, society, and companionship, past and future;

    f.    pecuniary loss; and

    g.    lost care, comfort, advice, counsel, guidance, and household services, past and future.

11.02  Plaintiffs should be awarded an amount substantially in excess of the minimum jurisdictional limits of this Court as fair and reasonable compensation for their injuries and damages and the injuries and damages sustained by Juan Morado.

11.03  Plaintiffs will defer to the jury to determine the appropriate amount of monetary relief in this cause; however, Plaintiff hereby specifies that he is seeking monetary relief under TEX. R. CIV. P 47(c)(4) and requests all such other and further relief he may be deemed entitled to recover under TEX. R. CIV. P 47(d).

## 12. JUDGMENT INTEREST

To the Court Only:

12.01    Plaintiff is entitled to an award of pre-judgment interest as a matter of law upon such terms, conditions, and rates as allowed by law, for which Plaintiff sues.

12.02    Plaintiff further requests that the Court take judicial notice of the rate of interest published by the Texas Consumer Credit Commission in the Texas Register on the date of judgment in this cause for purposes of calculating the rate of pre-judgment interest to be awarded to Plaintiff in this case, or such other periods of time, and such other rate or rates of interest allowed by law for determination of pre-judgment interest.

### 13. RULE 193.7 NOTICE

13.01    Plaintiffs hereby provides notice to all Defendants in accordance with TEX. R. CIV. P. 193.7 that Plaintiff intends to use all documents produced in response to written discovery by any party as evidence at any pre-trial proceeding or at trial.

### 14.    JURY DEMAND

14.01    Plaintiff hereby requests trial by jury.

### PRAYER

WHEREFORE, Plaintiffs respectfully request that Defendants be duly cited to appear and answer herein, and that, upon final trial of this cause, Plaintiffs recover judgment against the Defendants, jointly and severally, for Plaintiffs' damages; for costs of court; for pre-judgment and post-judgment interest, as provided by law; and for such other further relief, both general and special, at law or in equity, to which Plaintiffs may show themselves justly entitled.

Respectfully submitted,

/s/ Brian W. Butcher
Charles M. Noteboom
State Bar No. 15116875
Brian W. Butcher
State Bar No. 24029928

Noteboom – The Law Firm
669 Airport Freeway, Suite 100
Hurst, Texas 76053
butcher@noteboom.com
817.282.9700
817.282.8073 Fax
Counsel for Plaintiffs

## Automated Certificate of eService

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Glenda Olsen on behalf of Brian Butcher
Bar No. 24029928
olsen@noteboom.com
Envelope ID: 104689084
Filing Code Description: Original Petition (Oca)
Filing Description: Petition
Status as of 8/21/2025 3:47 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Clara Deberry | | deberry@noteboom.com | 8/21/2025 3:13:10 PM | SENT |
| Brian WButcher | | butcher@noteboom.com | 8/21/2025 3:13:10 PM | SENT |
| Glenda Olsen | | olsen@noteboom.com | 8/21/2025 3:13:10 PM | SENT |

# EXHIBIT 2

# CITATION

Filed 9/9/2025 1:00 PM
Loucrecia Biggerstaff, District Clerk
Wise County, Texas
By: Janean Kerr

**THE STATE OF TEXAS**

TO:    ARCHER-DANIELS-MIDLAND COMPANY
       REGISTERED AGENT CT CORPORATION SYSTEM
       1833 SOUTH MORGAN ROAD
       OKLAHOMA CITY OK  73218

**NOTICE:  "You have been sued. You may employ an attorney. If you or your attorney does not file a written answer with the clerk who issued this citation by 10:00 am on the Monday next following the expiration of 20 days after the date you were served this citation and petition, a default judgment may be taken against you." In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit.  These disclosures generally must be made no later than 30 days after you file your answer with the clerk.  Find out more at TexasLawHelp.org.**

Said PLAINTIFF'S ORIGINAL PETITION was filed before the Honorable 271st Judicial District of Wise County, Texas at the courthouse of said County in Decatur, Texas, on August 21, 2025 numbered and styled

**CV25-08-680**
**MARIA MORADO, ET AL**
vs
**ARCHER-DANIELS-MIDLAND COMPANY, ET AL**

The name and address of the attorney or party requesting the citation is:
BRIAN W. BUTCHER
NOTEBOOM-THE LAW FIRM
669 AIRPORT FREEWAY
HURST TX  76053

A copy of the PLAINTIFF'S ORIGINAL PETITION accompanies this citation.

ISSUED AND GIVEN UNDER MY HAND AND SEAL OF said Court, at the office in Decatur, Texas, on this the 29th day of August, 2025.

Loucrecia Biggerstaff
Wise County District Clerk
P.O. Box 308
Decatur, Texas  76234

By _Janean Kerr_                                    Deputy Clerk
       Janean Kerr

## RETURN OF SERVICE
### CV25-08-680

### 271ST JUDICIAL DISTRICT COURT OF WISE COUNTY, TEXAS

### MARIA MORADO, ET AL
vs
### ARCHER-DANIELS-MIDLAND COMPANY, ET AL

Came to hand on the _____ day of _____, 20____ at _____ o'clock ____.m., and executed in _____ County, Texas by delivering to the within named defendant in person, a true copy of this Citation with the date of delivery endorsed thereon, together with the accompanying copy of the PLAINTIFF'S ORIGINAL PETITION at the following time and place to wit:

NAME                          DATE/TIME                PLACE

_____          _____

Or not executed as to the defendant for the following reasons:
_____

The diligence used in finding said defendant being:
_____

And the cause or failure to execute the process is:
_____

And the information received as to the whereabouts of said defendant being:
_____

FEES: _____

_____, Officer

_____ County, Texas

_____
Deputy/Authorized Person/Affiant

**COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE OR CLERK OF THE COURT**

In accordance with Rule 107: The officer of authorized person who serves, or attempts to serve a citation shall sign the return. The return must either be verified or be signed under penalty of perjury. A return signed under perjury must contain the statement below in substantially the following form:

"My name is _____, my date of birth is _____, and my address is
             (first, middle, last)                                    (DOB)

_____
                     (street, city, state, zip code, country)

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT."

Executed in _____ County, State of _____, on the _____ day of _____,
20____.

_____
Declarant/Authorized Process Server

_____
(ID No. and Expiration of Certification)

Copy from re:SearchTX

## RETURN OF SERVICE

Received this citation on the 29th day of August 2025, at 12:02 p.m. and executed 1833 South Morgan Road, Oklahoma City, within the County of Oklahoma, State of Oklahoma on the 29th day of August 2025, by delivering to the within named Archer-Daniels-Midland Company by delivering to its registered agent, CT Corporation System, by certified mail number 9589 0710 5270 0766 8448 60 (green card attached) a true copy of the attached Citation together with the accompanying true and correct copy of Plaintiffs' Original Petition, having first endorsed on same the date of delivery.

Fees-Serving....$60.00

Ashlie Lester  - Process Server
PSC-18745 exp. 9/30/2026

**STATE OF TEXAS**         §
**COUNTY OF TARRANT**      §

"My name is Ashlie Nichole Lester, my date of birth is December 25, 1990, and my address is 840 Brown Trail, Bedford, Texas, 76022 and U.S.A.  I declare under penalty of perjury that the foregoing is true and correct." Executed in Tarrant County, State of Texas, on September 9, 2025.

Declarant

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Archer-Daniels-Midland Company
c/o CT Corporation System
1833 South Morgan Road
Oklahoma City, OK 73128

|||||||||||||||||||||||||||||
9590 9402 5603 9274 1413 52

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X  _A. Stowe_    ☑ Agent
                ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

_A. Stowe_        SEP 0 2 2025

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:         ☐ No

2. Article Number (Transfer from service label)

9589 0710 5270 0766 8448 60

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053          Domestic Return Receipt

Copy from re:SearchTX

## Automated Certificate of eService

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Envelope ID: 105385968
Filing Code Description: Other
Filing Description: EXECUTED RETURN CITATION ON
ARCHER-DANIELS-MIDLAND COMPANY
Status as of 9/9/2025 2:12 PM CST

Associated Case Party: JOSE MORADO

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Clara Deberry | | deberry@noteboom.com | 9/9/2025 1:00:54 PM | SENT |
| Brian WButcher | | butcher@noteboom.com | 9/9/2025 1:00:54 PM | SENT |
| Glenda Joyner | | joyner@noteboom.com | 9/9/2025 1:00:54 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| BRIANNA WBUTCHER | | olsen@noteboom.com | 9/9/2025 1:00:54 PM | SENT |

# EXHIBIT 3

# CITATION

Filed 9/9/2025 1:00 PM
Loucrecia Biggerstaff, District Clerk
Wise County, Texas
By: Janean Kerr

**THE STATE OF TEXAS**

TO:   KYLE ERWIN CONSTRUCTION, LLC
      REGISTERED AGENT: KYLE ERWIN
      1071 CR 4680
      BOYD, TEXAS  76023

**NOTICE:  "You have been sued. You may employ an attorney. If you or your attorney does not file a written answer with the clerk who issued this citation by 10:00 am on the Monday next following the expiration of 20 days after the date you were served this citation and petition, a default judgment may be taken against you." In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit.  These disclosures generally must be made no later than 30 days after you file your answer with the clerk.  Find out more at TexasLawHelp.org.**

Said PLAINTIFF'S ORIGINAL PETITION was filed before the Honorable 271st Judicial District of Wise County, Texas at the courthouse of said County in Decatur, Texas, on August 21, 2025 numbered and styled

## CV25-08-680

### MARIA MORADO, ET AL

vs

### ARCHER-DANIELS-MIDLAND COMPANY, ET AL

The name and address of the attorney or party requesting the citation is:

BRIAN W. BUTCHER
NOTEBOOM-THE LAW FIRM
669 AIRPORT FREEWAY
HURST TX  76053

A copy of the PLAINTIFF'S ORIGINAL PETITION accompanies this citation.

ISSUED AND GIVEN UNDER MY HAND AND SEAL OF said Court, at the office in Decatur, Texas, on this the 29th day of August, 2025.

Loucrecia Biggerstaff
Wise County District Clerk
P.O. Box 308
Decatur, Texas  76234

By _Janean Kerr_                              Deputy Clerk
      Janean Kerr

## RETURN OF SERVICE
**CV25-08-680**

### 271ST JUDICIAL DISTRICT COURT OF WISE COUNTY, TEXAS

### MARIA MORADO, ET AL
vs
### ARCHER-DANIELS-MIDLAND COMPANY, ET AL

Came to hand on the _____ day of _____, 20_____ at _____ o'clock ____.m., and executed in _____ County, Texas by delivering to the within named defendant in person, a true copy of this Citation with the date of delivery endorsed thereon, together with the accompanying copy of the PLAINTIFF'S ORIGINAL PETITION at the following time and place to wit:

NAME                    DATE/TIME              PLACE

_____  _____  _____

Or not executed as to the defendant for the following reasons:

_____

The diligence used in finding said defendant being:

_____

And the cause or failure to execute the process is:

_____

And the information received as to the whereabouts of said defendant being:

_____

FEES: _____                    _____, Officer

                                           _____County, Texas

                                           _____
                                           Deputy/Authorized Person/Affiant

#### **COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE OR CLERK OF THE COURT**

In accordance with Rule 107: The officer of authorized person who serves, or attempts to serve a citation shall sign the return. The return must either be verified or be signed under penalty of perjury. A return signed under perjury must contain the statement below in substantially the following form:

"My name is _____, my date of birth is _____, and my address is
              (first, middle, last)                              (DOB)

_____
                        (street, city, state, zip code, country)

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT."

Executed in _____County, State of _____, on the _____day of _____, 20___.

                                           _____
                                           Declarant/Authorized Process Server

                                           _____
                                           (ID No. and Expiration of Certification)

# RETURN OF SERVICE

Received this citation on the 29th day of August 2025, at 12:02 p.m. and executed at 270 CR 4668, Rhome, within the County of Wise, State of Texas on the 8th day of September 2025, at 2:39 p.m. by delivering to the within named Kyle Erwin Construction, LLC by delivering to its registered agent, Kyle Erwin, in person, a true copy of the attached Citation together with the accompanying true and correct copy of Plaintiffs' Original Petition, having first endorsed on same date of delivery.

Fees-Serving….$130.00

Christie David - Process Server
PSC-1483 exp. 8/31/2026

**STATE OF TEXAS** §
**COUNTY OF TARRANT** §

"My name is Christie Marie David, my date of birth is March 6, 1974, and my address is 840 Brown Trail, Bedford, Texas, 76022 and U.S.A. I declare under penalty of perjury that the foregoing is true and correct." Executed in Tarrant County, State of Texas, on September 9, 2025.

Declarant

Copy from re:SearchTX

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 105385968
Filing Code Description: Other
Filing Description: EXECUTED RETURN CITATION ON ARCHER-DANIELS-MIDLAND COMPANY
Status as of 9/9/2025 2:12 PM CST

Associated Case Party: JOSE MORADO

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Brian WButcher | | butcher@noteboom.com | 9/9/2025 1:00:54 PM | SENT |
| Glenda Joyner | | joyner@noteboom.com | 9/9/2025 1:00:54 PM | SENT |
| Clara Deberry | | deberry@noteboom.com | 9/9/2025 1:00:54 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| BRIANNA WBUTCHER | | olsen@noteboom.com | 9/9/2025 1:00:54 PM | SENT |

Copy from re:SearchTX

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| MARIA MORADO, INDIVIDUALLY | § | |
| AND ON BEHALF OF THE ESTATE OF | § | |
| JUAN RAMON MORADO RUIZ, | § | |
| DECEASED; KAREN MORADO; | § | |
| SERGIO MORADO; and JOSE MORADO | § | |
| | § | |
| **Plaintiffs,** | § | CIVIL ACTION NO. |
| | § | |
| **v.** | § | |
| | § | |
| ARCHER-DANIELS-MIDLAND | § | |
| COMPANY and KYLE ERWIN | § | |
| CONSTRUCTION, | § | |
| | § | |
| **Defendants.** | § | |

## <u>LIST OF COUNSEL OF RECORD</u>

<u>**Counsel for Plaintiffs**</u>

Charles M. Noteboom
TX State Bar No. 15116875
Brian W. Butcher
TX State Bar No. 24029928
Noteboom – The Law Firm
669 Airport Freeway, Suite 100
Hurst, Texas 76053
butcher@noteboom.com
817.282.9700
817.282.8073 Fax

<u>**Counsel for Defendants**</u>

KRISTEN L. PERRY
Texas Bar No. 24090015
Kristen.Perry@faegredrinker.com
FAEGRE DRINKER BIDDLE & REATH LLP
2323 Ross Ave., Suite 1700
Dallas, Texas 75201-9367
Telephone: 469.357.2500
Facsimile: 469.357.0860

Ruben I. Gonzalez (pro hac vice forthcoming)
ruben.gonzalez@faegredrinker.com
FAEGRE DRINKER BIDDLE & REATH LLP
320 S. Canal Street, Suite 3300
Chicago, IL 60606
Telephone: (312) 212-6500
Facsimile: (312) 569-3000

Joseph R. Quinn (pro hac vice forthcoming)
joseph.quinn@faegredrinker.com
FAEGRE DRINKER BIDDLE & REATH LLP
801 Grand Avenue, 33rd Floor
Des Moines, IA 50309
Telephone:     +1 515 248 9000
Facsimile:      +1 515 248 9010
Attorneys for Defendant Archer-Daniels-
Midland Company