UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**MARIA MORADO, ET AL.,**

   Plaintiffs,

v.                            No. 4:25-cv-01017-P

**ARCHER-DANIELS MIDLAND CO., ET AL.,**

   Defendants.

## OPINION & ORDER

Before the Court is the Motion to Dismiss or in the Alternative Transfer Venue. ECF No. 11. For the reasons below, the motion is **GRANTED IN PART** and the case is hereby **TRANFERRED to the United States District Court for the Western District of Oklahoma**.

## BACKGROUND

This case arose from the tragic death of Juan Morado, who passed away in Hooker, Oklahoma on October 5, 2023. ECF No. 1, Ex. 1. Morado, while working for his employer—Defendant Kyler Erwin Construction (KEC)—at a facility owned and operated by Defendant Archer-Daniels Midland Company (ADM), passed away while on the job. ECF No. 1, Ex. 1. Morado, while stationed in the basket of a lift device, used a Hydrovac Hose to vacuum the inside of a rail car. ECF No. 1, Ex. 1. While attempting to unclog the Hydrovac, the vacuum broke. ECF No. 1, Ex. 1. It killed him by launching him off the rail car. ECF No. 1, Ex. 1.

Plaintiffs, Morado's widow and children, brought suit against Defendants KEC and ADM in Texas state court in Wise County, Texas. ECF No. 1. at 1. ADM then removed to the Northern District of Texas, Fort Worth Division. ECF No. 1. ADM asserts that the Court has diversity jurisdiction because complete diversity exists between ADM, a

Delaware corporation with its principal place of business in Illinois, and the Morados, residents of Texas. ECF No. 1. ADM argues that KEC's citizenship in Texas should be ignored because Plaintiff improperly joined it to the action. ECF No. 1.

ADM subsequently filed the Motion to Dismiss for lack of personal jurisdiction, or in the Alternative to Transfer Venue currently before the Court. ECF No. 11. The Court next ordered expedited briefing on that motion. ECF No. 13.

Having considered the briefs, the Court finds it sufficient to address only the motion to transfer venue.

## LEGAL STANDARD

### A. Motion to Transfer Venue

Federal venue rules permit a district court to transfer any civil action to any other district or division where it might have been brought "for the convenience of parties and witnesses [or] in the interest of justice." 28 U.S.C. § 1404(a). In determining whether to transfer a civil action under § 1404, courts consider both private and public factors in deciding if convenience or justice warrant transferring the action to that district. *See* 28 U.S.C. § 1494; *see also In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (en banc) (citing *Piper Aircraft Co. v. Reyna*, 454 U.S. 235, 241 n.6 (1981)).

A plaintiff's original choice of forum is entitled to some deference, which dictates that the moving party must show "that the transferee venue is clearly more convenient." *Id.* But, while a plaintiff's choice of forum "should be respected" unless "the transferee venue is clearly more convenient," plaintiff's "choice of forum … is not an independent factor within … the § 1404(a) analysis." *Id.* at 314 n.10, 315. Rather, "a plaintiff's choice of venue is to be treated as a burden of proof question." *Id.* at 314 n.10 (cleaned up).

## ANALYSIS

### A. Appropriate Order of Jurisdictional Questions

In assessing the motions before it, the Court must first determine if caselaw requires it to address the motions in a particular order, then must resolve the motions as appropriate.

Without jurisdiction, a court cannot proceed at all in any case. *N.A.A.C.P. v. City of Kyle, Tex.*, 626 F.3d 233, 237 (5th Cir. 2010). Generally, a court must resolve any dispute to its jurisdiction before proceeding further with a matter. *Id.*; *see also Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998). Though this obligation to resolve jurisdictional issues once carried a clear order of operations,[1] there is no longer a step-by-step approach to jurisdictional questions. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583–88 (1999). The Court held that there may be any number of jurisdictional questions before a court with varying levels of complexity that a judge may properly within his discretion turn directly to the issue offering the most expedient resolution. *Id.* at 587–88. This discretion permits courts to bypass subject-matter or personal jurisdiction questions "when considerations of convenience, fairness, and judicial economy so warrant." *Id.*; *see Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 432 (2007). In its contemplation of a jurisdictional inquiry, a court may choose to look at an issue of venue and its included factors to ensure that the pursuit of justice in a case is properly efficient. *Sinochem*, 549 U.S. at 35. Indeed, where a case is filed in the wrong forum, courts are authorized to take "the less burdensome course" and transfer the case, rather than address subject-matter jurisdiction. *Id.*

In the instant case, the Court is faced with concerns about personal jurisdiction, subject matter jurisdiction, and venue—matters that must be addressed before proceeding to the merits. Courts enjoy broad

---

[1] In *Leroy v. Great Western United Corporation*, the Supreme Court asserted that personal jurisdiction is decided before venue, and subject matter jurisdiction is preliminary to both. 443 U.S. 173 (1979). This rule has since been replaced by the approach adopted in *Ruhrgas AG v. Marathon Oil Company et al.* 526 U.S. 574, 583–88 (1999).

3

discretion to resolve matters that deny parties an audience on the merits—including venue. *Sinochem*, 549 U.S. at 435.

As such, the Court in its discretion may resolve the jurisdictional questions before it in the order it deems most expedient. Accordingly the Court addresses the motion to transfer venue.

### B. Motion to Transfer

Section 1404(a) provides that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." When considering the transfer of venue, the Fifth Circuit has identified eight factors, four private and four public, to consider."

> The private interest factors are: (1) the relative ease of access to source of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive ….
>
> The public interest factors are: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law.

*In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (en banc).

The Court concludes that the *Volkswagen* factors weigh heavily in favor of transferring venue to the Western District of Oklahoma in the interest of convenience, efficiency, and justice. Particularly, as the events giving rise to the loss of Morado took place in Oklahoma. And while we respect the Plaintiff's decision to file in Texas, "[t]he plaintiff's choice of forum is typically entitled to great deference unless … the operative facts of the action occurred elsewhere" as here. *Doctolero v. Starwood Hotels & Resorts Worldwide, Inc.*, No. 5:10-cv-007-C, 2019 WL 11508864, at *2 (N.D. Tex. July 22, 2010) (emphasis in original).

Specifically, the physical machinery used in the incident is in Oklahoma, and the death took place in Oklahoma. Moreover, no allegations relate to activity or any subsequently developed documents (such as medical records) in Texas.

The Fifth Circuit also asserted that after 100 miles in distance "the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled." *In re Volkswagen of Am. Inc.*, 545 F.3d 304, 317 (5th Cir. 2008) (en banc). And Hooker, Oklahoma, is located over 400 miles away from Fort Worth, Texas. So the relative ease of access to relevant evidence and witnesses lies in Oklahoma. *See The Whistler Group Inc. v. PNI Corp.*, 3:03-cv-1536-G, 2003 WL 22939214, at *3 (N.D. Tex. Dec. 5, 2003) ("The convenience of the witnesses is often regarded as the most important factor to be considered in deciding whether to transfer venue.") ("Of the witnesses, the convenience of the non-party witnesses is accorded the greatest weight."). And the absolute subpoena power of federal courts is similarly limited to 100 miles in distance from where a person resides or is employed. *See* FED. R. CIV. PROC. 45(c)(1)(A). So the Western District of Oklahoma is more likely to have that subpoena power over witnesses relevant to the incident. Accordingly, the private interest factors favor transfer.

The public interest factors also favor transfer, particularly when considering the differences in court congestion between the Western District of Oklahoma and the Northern District of Texas, Fort Worth Division. The Northern District of Texas is more congested than the Western District of Oklahoma. *See* UNITED STATES COURTS, FEDERAL COURT MANAGEMENT STATISTICS: JUDICIAL CASELOAD PROFILE (June 30, 2025), https://www.uscourts.gov/sites/default/files/document/fcms_na_distprofile0630.2025.pdf, at pp. 34, 84. As of June 30, 2025, the Northern District of Texas, had 522 pending cases per judgeship and 6,259 pending actions total, while the Western District of Oklahoma had 296 pending cases per judgeship and 1,773 pending actions total. So the judicial economy favors transfer. Indeed, the Northern District of Texas has a docket busier than some of the busiest courts in the country. *See Chamber of Com. of the U.S. v. CFPB*, 735 F. Supp. 3d 731 (N.D. Tex.

2024) (Pittman, J.) (mentioning that the Northern District of Texas has a busier docket than the District Court for the District of Columbia); *Perez v. Genoptix, Inc.*, No. 4:19-cv-00309-O, 2018 WL 11435300, at *3 (N.D. Tex. Nov. 6, 2018) (stating that to assess relative court congestion between districts, courts may analyze federal judicial caseload statistics when determining whether to transfer). And within the Northern District of Texas, the Fort Worth division is the busiest—two to three times busier than even the large docket managed by the Dallas Division. *See Outsourcing Facilities Ass'n v. United States Food & Drug Admin.*, No. 4:24-cv-00953-P, 2025 WL 1782574, at *1 (N.D. Tex. Mar. 26, 2025) (cleaned up).

The Court lastly respects the sovereign interests of Oklahoma in adjudicating potentially unlawful incidents that took place within its own borders. Oklahoma naturally has a special interest in ensuring that activity within its own territory respects the rule of law. This "localized interest" deserves respect.

The public interest factors thus also weigh in favor of transfer.

In conclusion, the Plaintiffs, therefore, "might have [] brought" this action in the Western District of Oklahoma because a civil action may be brought in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391. And as detailed above, both the public and private interest factors set forth in *Volkswagen* favor transfer. Thus, the Western District of Oklahoma is also a clearly more convenient forum than the Northern District of Texas.

The Court reiterates that in considering the prospective availability of and access to necessary witnesses and evidence, the Court finds transferring the matter—without ruling on other dispositive issues—is appropriate, as has been done before by this Court and other courts within the Fifth Circuit. *See KeyCity Cap., LLC v. Davenport Invs., LLC*, No. 3:21-cv-2046-D, 2022 WL 581146, at *10 (N.D. Tex. Feb. 24, 2022) (Fitzwater, J.) (granting motion to transfer without ruling on personal jurisdiction issue); *McCormick v. Payne*, No. 3:15-cv-02729-M, 20215 WL 7424772, at *2–*3 (N.D. Tex. Nov. 23, 2015) (Lynn, J.) (granting

motion to transfer in lieu of ruling on subject matter jurisdiction issue); *Woodlands Dev., LLC v. Regions Bank*, 2013 WL 3233472, at *3 (E.D. Ka. June 24, 2013); *In re BP S'holder Derivative Litig.*, 2011 WL 4345209, at *2 (S.D. Tex. Sept. 15, 2011), *aff'd sub nom. City of New Orleans Employees' Ret. Sys. Ex rel. BP P.L.C. v. Hayward*, 508 F. App'x 293 (5th Cir. 2013) (*per curiam*); *Hardwick*, 2011 WL 1831706, at *2; *Doubletree Partners L.P. v. Land Am. Am. Title Co.*, 2008 Wl5119599, at *2 (N.D. Tex. Dec. 3, 2008) (Kaplan, M.J.).

The Court's silence on jurisdictional issues and any other issues—such as conflicts of law issues detailed in the briefs, ECF Nos. 15, 16—is not an endorsement of any opinion on those issues. Rather, the Court is pursuing the "least burdensome course" to permit for the most convenient, efficient and judicially economic pursuit of justice in this matter.

## CONCLUSION

For the reasons stated above, Defendant's Alternative Motion to Transfer is **GRANTED IN PART**. This case is hereby **TRANSFERRED to the United States District Court for the Western District of Oklahoma**.

**SO ORDERED** this **15th day of October 2025.**

_____
Mark T. Pittman
UNITED STATES DISTRICT JUDGE